AIUTO, Plaintiff, v. AMERICAN CASUALTY COMPANY, Defendant.

Common Pleas Court, Summit County.

No. 171181.  Decided December 17, 1949.

Wm. Creme, Akron, for plaintiff.
Wise, Roetzel, Maxon, Kelly & Andress, Akron, for defendant.

**OPINION**

By WATTERS, J.

The plaintiff brings this action to have the court determine plaintiff's rights under a burglary loss policy issued by the defendant, he claiming he had a burglary while said policy was in force.

Plaintiff does not ask that the loss be determined, and

the summons does not set up the amount for which judgment will be taken if the defendant fails to answer, etc.

The declaratory judgment act is silent as to whether or not money judgments can be rendered in a declaratory judgment suit.

**Sec. 12102-9 GC** does set forth that issues of fact may be determined as in civil actions, which would certainly permit the impanelling of a jury to decide the issues of fact if in dispute.

However I do not believe the act contemplates any right in the court to decree a money judgment.

In the case at bar under the summons, etc., where no money claim is set forth, suppose the defendant failed to answer. Surely the court could not render a money judgment in default but could only declare the rights under the policy.

The defendant here demurs on the grounds that the petition shows on its face that a declaratory judgment will not terminate the controversy, and (2) that to entertain this action, will result in unnecessary litigation, that is, two trials. In other words if the court determines the rights favorable to plaintiff, that the policy covers any loss, there would still be the suit to recover for the loss.

It is a very interesting question. The court has read and studied **141 Oh St, 489, 132 Oh St, 137, 57 Oh Ap, 303, 152 Oh St, 287,** and other cases.

Judge Zimmerman's comment in **141 Oh St at page 500,** seems obvious. Certainly if there is another case pending, covering the same parties and issues, then a suit in declaratory judgment should be refused.

The opinion proper by Judge Matthias on page 498 holds as follows: "It is quite generally held that the jurisdiction of the court in declaratory judgment actions is **not limited to cases in which no other remedy is available.**" (Emphasis by this court.)

The court however goes further and cites with approval 125 Neb., 210—that "proceedings for a declaratory judgment will not be entertained where another **equally serviceable** remedy has been provided for the character of the case in hand."

The court then cites **134 Oh St, 511,** which case is discussed fully on page 496 and 497.

Judge Washburn, in **51 Oh Ap, at page 507,** wrote: "We are clearly of the opinion that it was not the intention of the legislature to require courts to afford a remedy under such 'new procedural device or vehicle of relief' in all cases.

where sought in preference to well established procedure of courts in this state."

This case was decided in February, 1936, before many of the Supreme Court cases cited were decided. Also there was another action pending against its assured for damages for wrongful death when the plaintiff, the United States Fidelity and Guaranty Company filed its action for declaratory judgment bringing in the plaintiff administrator in the death case, the defendant, Savoy Grille, in the death case, and The Renner Brewing Company.

I have a feeling that had it commenced its action first for declaratory judgment on the issue of whether or not its policy covered the situation, the decision might have been otherwise.

However, if all that was involved here was the question on the policy and as to the direct personal loss to plaintiff due to the claimed burglary, where another lawsuit would be necessary to collect the loss or damage, the court would sustain the demurrer, and plaintiff would be compelled to bring the regular contract suit on the policy for money, in which all questions could be determined.

However this case is complicated by the fact that plaintiff was in the dry cleaning business. Many of his customers' suits, etc., he claims were taken in the burglary. The company refuses to pay on the grounds that the policy does not cover such losses. The plaintiff is at sea. He is threatened with separate lawsuits by customers who have lost their garments. He would be at a loss to know whether he should settle the claims or stand trial on them. If he settles, the defendant insurance company might claim he had paid too much, etc. Having to face suits will naturally anger his customers and cause loss of business. If it is determined that the policy covers the loss to customers, and any other questions that should be and could be determined in the declaratory judgment, then the insurance company should step in and take over the responsibility of adjustment and settlement of these claims. Otherwise plaintiff will be faced with a multiplicity of suits by customers, the necessity of defending them, of having counsel, etc. At least he should know where he stands, and I think the law contemplates just such use of the declaratory judgment statute wherein a speedy determination may be had of plaintiff's rights under the policy.

Also the insurance company does not know where it stands either. If the policy covers such loss, it should know it and get busy thereafter and give the plaintiff that service which

he paid for. If the court decides otherwise, then plaintiff cannot recover for such items.

The courts hold that the act should be liberally construed and largely at the discretion of the court.

I believe the case at bar comes clearly under the act.

The demurrer will be overruled with exceptions. Defendant to answer by January 7, 1950.