JEPPE ET AL., APPELLANTS, *v.* BLUE CROSS
OF NORTHEAST OHIO ET AL., APPELLEES.

[Cite as Jeppe v. Blue Cross (1980), 67 Ohio App. 2d 87.]

(No. 39741—Decided January 25, 1980.)

*Mr. J. Edward Friedland,* for appellants.

*Mr. Michael M. Hughes,* for appellee Blue Cross of Northeast Ohio.

*Mr. James R. Johnson,* for appellee Medical Mutual of Cleveland, Inc.

KRENZLER, P. J. On February 6, 1976, plaintiff-appellant David G. Jeppe (hereinafter referred to as appellant), individually and on behalf of his minor son, Robert Jeppe, filed a complaint for declaration of rights and benefits under a Blue Cross comprehensive health care plan against defendants-appellees, Blue Cross of Northeast Ohio and Medical Mutual of Cleveland, Inc. In the complaint, appellant alleged that he was a salaried, permanent employee of the Sherwin-Williams Company; that in 1970, appellees issued a group hospitalization contract to the Sherwin-Williams Company, known as the "Plan"; that appellant subscribed to the family contract provisions of the Plan, under which all members of appellant's family were entitled to benefits; and that Robert Jeppe, born on August 10, 1970, has been afflicted with cerebral palsy from birth, and since July 1974 has been hospitalized at the Matheny

School, a specially licensed, nonprofit hospital located in New Jersey. Appellant further alleged that from July 1974 through December 31, 1975, he was billed $21,968.35 by the Matheny School for therapies, doctors' examinations, nursing service, laboratory fees, hospitalization and specially fitted orthopedic equipment; that since January 1, 1976, appellant has been billed at the rate of $49.75 per day for said services; and that, on November 14, 1974, appellant was advised by appellee Blue Cross that since the Matheny School did not meet the definition of a "hospital," appellee Blue Cross would not provide benefits to appellant. Appellant demanded judgment declaring his rights and benefits under the Plan; that he be declared to be entitled to receive full benefits payable under the Plan; that the Matheny School be declared to be a qualified hospital for which appellant is entitled to Blue Cross benefits; that medical expenses incurred at the Matheny School be reimbursed to appellant under the Major Medical and Blue Shield provisions of the Plan; and that appellee Blue Cross be required to pay reasonable attorney's fees and costs. It should be noted that appellant's prayer for relief contained no express request for a money judgment and interest thereon.

Appellee Blue Cross of Northeast Ohio filed its answer on March 25, 1976, alleging that the complaint failed to state a claim upon which relief may be granted, and prayed for a dismissal of the complaint.

On June 28, 1977, following a trial to the court, the trial court found for appellant against appellee Blue Cross, but for appellee Medical Mutual. The court denied appellant's request for attorney's fees. The judgment entry stated that the findings were to be reduced to judgment on July 10, 1977.

On August 4, 1977, the trial court filed findings of fact and conclusions of law, following the timely request therefor by appellee Blue Cross. The pertinent findings of fact and conclusions of law follow:

### "FINDINGS OF FACT

"1. Defendant Blue Cross of Northeast Ohio (hereinafter 'Blue Cross') is a corporation not-for-profit organized and existing pursuant to Chapter 1702, Ohio Revised Code and authorized to engage in business as a hospital service association subject to Chapter 1739, Ohio Revised Code.

"2. Defendant Medical Mutual of Cleveland, Inc. (hereinafter 'Medical Mutual') is a corporation not-for-profit organized and existing pursuant to Chapter 1702, Ohio Revised Code and authorized to engage in business as a mutual insurance company subject to Chapter 3941, Ohio Revised Code.

"3. On or about September 1, 1970 Defendants Blue Cross of Northeast Ohio and Medical Mutual of Cleveland, Inc. issued a group hospitalization contract to the Sherwin-Williams Company known as the 'Comprehensive Health Care Plan' (the 'Plan').

"4. Plaintiff David G. Jeppe was then and still is a salaried employee of the Sherwin-Williams Company located in Cleveland, Ohio and as such, at all pertinent times, was entitled to participate in the Health Care Plan.

"5. Plaintiff David G. Jeppe since September 1, 1970 has been a subscriber to the family contract provisions of the Plan.

"6. Under the Plan, all members of the Plaintiff David G. Jeppe's family are entitled to benefits commonly known as Blue Cross Hospitalization, Blue Shield Medical-Surgical and Major Medical.

"7. With respect to Blue Cross coverage under the Plan, Plaintiff David G. Jeppe and members of his family are entitled to 365 days of full benefits when he or any member of his family is admitted to a hospital as a registered bed patient.

"8. Under the Major Medical provisions of the Plan when a hospital confinement exceeds 365 days the Plaintiff David G. Jeppe and members of his family are entitled to 80% of the total cost of such benefits—less a $50 deductible per calendar year per family member.

"9. All procedural requirements for obtaining reimbursement under the Plan for medical and hospital expenses of Plaintiff David G. Jeppe and his family have been performed by Plaintiff David G. Jeppe.

"10. Plaintiff Robert Jeppe, the son of David G. Jeppe, was born on August 10, 1970, and from birth was afflicted with cerebral palsy. As a result of this disease, Robert is nonambulatory; has a severe hearing loss; has visual handicaps; is Rh athetoid; has motor deficiencies in all four extremities; and has no oral speech because of severe involvement of the musculature of the mouth (dysarthria).
"* * *

"25. Matheny meets all the requirements of a hospital under the provisions of Medicaid and Medicare; Medicaid requires that Matheny have a Department of Surgery and Matheny meets that requirement.

"26. Matheny has associated with it a pediatrician; and [*sic*] orthopedist; a pediatric neurologist; a general practioner [*sic*]; a pharmacist; a pedodontist; an optometrist; and [*sic*] otolaryngologist; a speech pathologist; a dentist; an ophthalmologist; and [*sic*] orthodontist; a psychologist; an audiologist; five registered occupational therapists; five speech therapists; six registered physical therapists; and, two physical education instructers [*sic*].

"* * *

"36. From July of 1974, through November of 1976, Plaintiff, David G. Jeppe has been billed $38,058.79 by Matheny."

### *"CONCLUSIONS OF LAW*

"* * *

"2. Matheny complies with the definition of 'hospital' contained in the Employee Handbook entitled 'Comprehensive Health Care Plan,' jointly prepared by Blue Cross and Sherwin-Williams, and therefore Plaintiff is entitled to Basic Hospital Coverage and Major Medical under the Plan.

"3. Matheny complies with the definition of 'hospital' contained in the Hospitalization Certificate of Blue Cross, and therefore Plaintiff is entitled to Basic Hospital Coverage and Major Medical under the Plan.

"4. Construing any doubtful, uncertain or ambiguous language liberally in favor of the insured, Matheny substantially complies with the definition of hospital, contained in the Group Contract for Supplemental Hospital Expense Benefits.

"* * *

"7. Under the Comprehensive Health Care Plan ('Plan'), Blue Cross must provide Plaintiff, David G. Jeppe, while his son Robert Jeppe is a registered bed patient at Matheny, with 365 days of full service benefits under the Blue Cross portion of the Plan, and thereafter Plaintiff, David G. Jeppe is entitled to benefits for Robert Jeppe under the Major Medical provisions of the Plan.

"8. The complaint as to the Defendant Medical Mutual is dismissed.

"9. Blue Cross did not act unreasonably, vexatiously or oppressively in denying Plaintiffs' claims.

"10. The prayer by Plaintiffs for attorneys fees is denied.

"JUDGMENT FOR PLAINTIFFS."

It should be noted that the trial court did not render a money judgment in favor of appellant.

Appellee Blue Cross took an appeal from the trial court's judgment in favor of appellant, and appellant cross-appealed from the denial of his request for attorney's fees. In September 1977 the appeal was dismissed by this court for failure to timely file the record pursuant to App. R. 10. A motion to certify the record was overruled by the Ohio Supreme Court.

On May 4, 1978, appellee Blue Cross tendered to appellant a check in the amount of $54,614.84.

On May 9, 1978, appellant filed a "Motion to Modify Judgment to Include Interest," requesting the trial court to modify its judgment entry of August 4, 1977, to include interest from that date at the rate of six percent pursuant to R. C. 1343.03. It is noted that this motion was directed solely to the subject of interest, and did not include a request to reduce the court's declaration of August 4, 1977, to a money judgment.

On July 11, 1978, the trial court overruled appellant's motion to modify judgment, without opinion.

From this adverse judgment, appellant has taken the instant appeal, assigning the following error for our consideration:

"The trial court erred in overruling plaintiffs' motion to modify judgment to include interest."

In support of his assignment of error, appellant argues that implicit in his prayer for declaratory judgment was a request for a money judgment. He argues further that since the amount due from appellee Blue Cross was easily ascertainable on a day-to-day basis, and since a declaratory judgment was rendered in his favor, a money judgment was rendered by operation of law, despite the fact that the court did not expressly enter a money judgment.

Appellee Blue Cross, on the other hand, contends that a two-step process is involved in obtaining a money judgment: first, there must be an express prayer for a money judgment, and second, a money judgment must be expressly rendered by

the court. Thus, it is the contention of appellee Blue Cross that inasmuch as no express request for a money judgment was made and no express money judgment granted, appellant's motion to modify judgment to include interest was properly overruled, as interest may not be included in anything other than a money judgment.

The present action was brought pursuant to R. C. Chapter 2721, entitled "Declaratory Judgments." A declaration of rights, status, and other legal relations flows from the granting of a declaratory judgment. R. C. 2721.02. While there is no express statutory provision for the granting of a money judgment in a declaratory judgment action, such relief may be granted so long as it is prayed for and warranted by the proof. See *Stephenson* v. *Equitable Life Assurance Society* (C.A. 4, 1937), 92 F. 2d 406; *Brix* v. *People's Mutual Life Ins. Co.* (1935), 2 Cal. 2d 446, 41 P. 2d 537; *Cook* v. *Winklepleck* (1936), 16 Cal. App. Supp. 2d 759, 59 P. 2d 463; *Parkford* v. *Union Drilling & Petroleum Co.* (1931), 118 Cal. App. 538, 5 P. 2d 440; *Lane* v. *Page* (1952), 126 Colo. 560, 251 P. 2d 1078, overruled on other grounds in *Atchison* v. *City of Englewood* (1973), 180 Colo. 407, 506 P. 2d 140; *Allen* v. *Carsted Realty Corp.* (1928), 133 N.Y. Misc. 359, 231 N.Y. Supp. 585; *Lide* v. *Mears* (1949), 231 N.C. 111, 56 S.E. 2d 404; *American Life & Accident Ins. Co.* v. *Jones* (1949), 152 Ohio St. 287; *Bank of Augusta* v. *Satcher Motor Co.* (1967), 249 S.C. 53, 152 S.E. 2d 676; but see *Calvary Independent Baptist Church* v. *City of Rome* (1951), 208 Ga. 312, 66 S.E. 2d 726; *Aiuto* v. *American Casualty Co.* (1949), 56 Ohio Law Abs. 492.

In the present case, appellant prayed for a declaration of rights and status under the comprehensive health plan. Appellant's prayer for relief contained no express request for a money judgment and interest thereon. Further, the court's declaratory judgment did not include a money judgment.

The issues before this court are whether, as appellant suggests, the lower court rendered a money judgment by operation of law, and whether interest should have been included thereon.

While it is possible to obtain a money judgment in a declaratory judgment action, it is our conclusion that in order to do so the prayer for relief must contain either an express request for a money judgment or one which could be construed

as such, and that a money judgment, definite in amount, must be rendered. Before execution may be issued thereon, such judgment must be for a specific amount of money and must specify the amount to be recovered. See R. C. 2329.09; *Roach v. Roach* (1956), 164 Ohio St. 587. Thus, a declaratory judgment which does not include an express money judgment is not subject to execution and is, therefore, unenforceable as a money judgment.

Appellant's motion to modify judgment was directed toward the inclusion of interest in the judgment. R. C. 1343.03 provides, in pertinent part, that "***when money becomes due and payable upon any bond, bill, note or other instrument of writing***and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction, the creditor is entitled to interest at the rate of six per cent per annum, and no more." Since this statute provides for interest by law, it is unnecessary to request the inclusion of interest in a judgment under this statute. The trial court did not render a money judgment in the instant case. Therefore, the trial court was correct in overruling appellant's motion to include interest on the judgment, as interest under this statute is to be computed from the "***date of the ascertainment of the amount due and the rendition of the judgment thereon." *Cleveland Ry. Co.* v. *Williams* (1926), 115 Ohio St. 584, 587. Inasmuch as a money judgment was not rendered in the instant case, there was no amount of money on which interest could have been computed. If in fact a money judgment had been rendered, it would have been unnecessary for appellant to have made a demand for interest, as the interest would have been included thereon by operation of law under R. C. 1343.03.

Based on the foregoing discussion, it is our conclusion that the trial court properly overruled appellant's motion to modify judgment to include interest, and the judgment of the Court of Common Pleas of Cuyahoga County is affirmed.

*Judgment affirmed.*

KRUPANSKY and SILBERT, JJ., concur.

SILBERT, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.