**WILSON et al., Appellants,**

v.

**SMITH et al., Appellees.**

[Cite as *Wilson v. Smith* (1993), 85 Ohio App.3d 78.]

Court of Appeals of Ohio,
Summit County.

No. 15699.

Decided Jan. 13, 1993.

*John L. Keyse–Walker,* for appellants.

*Dean E. Smith* and *Rebecca DiDonato Heimbaugh,* for appellees.

---

CACIOPPO, Judge.

On August 29, 1989, following a bench trial, the Summit County Court of Common Pleas found defendants-appellees, Dean Smith et al., liable to plaintiffs-appellants, Raymond Wilson et al., for fraudulent misrepresentation. The court entered a judgment for the appellants for $21,297.99. This judgment did not specifically mention whether interest accrued on the award, nor did the appellants move the court for interest on the award. This court then affirmed the trial court's judgment. *Wilson v. Zender* (Jan. 30, 1991), Summit App. No. 14263, unreported, 1991 WL 11602.

On March 19, 1992, appellees deposited $21,197.99 with the trial court. The trial court then issued an entry of satisfaction of judgment on March 20, 1992.[1] Appellants appeal from the entry of satisfaction of judgment, raising two assignments of errors.

---

1. After the trial court entered a satisfaction of judgment, appellees deposited an additional $100 with the court. This brought the total amount deposited to $21,297.99, the amount of the judgment awarded.

## Assignment of Error No. I

"Plaintiffs are entitled as a matter of law to statutory interest upon their money judgment, and it was error for the trial court to declare the judgment satisfied and paid in full where the funds deposited with the court by the defendants did not include any amount as and for interest."

In their first assignment of error, appellants claim that the trial court should not have found the judgment satisfied because statutorily required interest had accrued on the award from the date of judgment. We agree.

R.C. 1343.03 provides in pertinent part:

"(A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, *and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum,* and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.

"(B) Except as provided in divisions (C) and (D) of this section, *interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct,* including but not limited to a civil action based on tortious conduct that has been settled by agreement of the parties, *shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid.*" (Emphasis added.)

The statute entitles a party receiving a definite money judgment to interest upon that award automatically, as a matter of law. *Testa v. Roberts* (1988), 44 Ohio App.3d 161, 168, 542 N.E.2d 654, 661–662; *Jeppe v. Blue Cross of Northeast Ohio* (1980), 67 Ohio App.2d 87, 93, 21 O.O.3d 406, 410–411, 425 N.E.2d 947, 951–952. It is preferable for a party to specifically request that interest accrue on an award from the date of judgment, or for a court in its judgment to note that interest accrues on an unpaid award. Nevertheless, R.C. 1343.03 requires a losing party to pay interest on an award, even if the party seeking the award fails to request interest, or the court awarding the judgment fails to explain a losing party's duty to pay it. See *Jeppe,* 67 Ohio App.2d at 93, 21 O.O.3d at 410–411, 425 N.E.2d at 951–952.

Accordingly, appellant's first assignment of error is well taken.

Assignment of Error No. II

"Plaintiffs are entitled to recover their costs in this case, both as a matter of law and by virtue of the court's judgment, and it was error for the trial court to declare the judgment satisfied and paid in full where the funds deposited with the court by the defendants did not include any amount as and for costs."

In their second assignment of error, appellants claim that the trial court wrongly entered a satisfaction of judgment because appellees failed to pay court costs as required by the judgment. In the record, it is noted on the Summit County Appearance and Execution Docket that appellees paid $465.70, the total court costs resulting from the bench trial on December 14, 1989.

Therefore, appellant's second assignment of error has no merit.

The satisfaction of judgment entry by the trial court is vacated, and this case is remanded to the trial court for proceedings consistent with this opinion.

*Judgment accordingly.*

REECE and COOK, JJ., concur.