JOHNSON, Admr., Appellant,

v.

BURGINS, Appellee.*

[Cite as *Johnson v. Burgins* (1995), 103 Ohio App.3d 584.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 16869.

Decided May 24, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 74 Ohio St.3d 1417, 655 N.E.2d 738.

*Richard Sternberg,* for appellant.

*John Rasmussen,* for appellee.

BAIRD, Presiding Judge.

Caroline F. Johnson ("Johnson"), Administrator of the Estate of David Robin Johnson, appeals the order of the Summit County Common Pleas Court denying her petition for further relief from Benjamin Burgins ("Burgins") and Liberty Mutual Insurance Company ("Liberty"). We affirm.

In November 1991, David Johnson was fatally injured when a car driven by Burgins, in which David was a passenger, collided with a utility pole and caught fire, trapping David in the flames. No one else was injured in the collision. Johnson, David's mother, brought a wrongful death action, on behalf of herself, David's father, and other next of kin, as well as a survival action, in her capacity as administrator of David's estate, against Burgins.

Liberty, Burgins's insurer, moved to intervene in the suit as a new party defendant and to counterclaim for a declaratory judgment against Johnson. The crux of the declaratory judgment action was that Liberty's policy of insurance with Burgins contained both bodily injury and uninsured/underinsured motorists limits of $50,000 per person and $100,000 per accident. Liberty believed that, since only one person was injured, the $50,000 limit applied. Johnson believed that, under the underinsurance provision, each of David's family members became an insured under the policy and that the $100,000 limit applied.

Johnson and Liberty entered into a partial settlement agreement whereby Johnson agreed to dismiss her claims against Burgins and Liberty in exchange

for immediate payment by Liberty of the undisputed $50,000 and a determination by the court, pursuant to the declaratory judgment action, as to whether the $50,000 policy limit or the $100,000 limit was applicable. The parties stipulated that the loss to David's family exceeded the maximum limits of the policy of insurance and that Liberty's liability would, in no event, exceed the contractual limit of $100,000. Liberty agreed to pay an additional $50,000 in stipulated damages if the trial court decided, pursuant to the declaratory judgment action, that the $100,000 limit applied.

On October 27, 1993, the court ruled that the parties' stipulation that the claim exceeded the maximum sum available through Liberty's liability policy activated the uninsured/underinsured coverage because Burgins was inadequately insured to cover the stipulated losses of David's family members. The court determined that, since the theory of uninsured coverage is to protect the "insureds" who are legally entitled to recover damages occasioned by a tortfeasor, and since Liberty admitted that each of David's family members qualified as an "insured" under the policy, each family member could maintain a claim, subject to the per person limitation of $50,000 and to the per occurrence limit of $100,000.

After the entry of the court's declaratory judgment order, Liberty tendered the remaining $50,000 to Johnson. Johnson refused to accept the tender on the basis that an additional $10,000, representing statutory prejudgment interest, was due. Liberty moved to enforce settlement, and Johnson petitioned for further relief pursuant to R.C. 2721.09, seeking prejudgment interest from the date of her initial demand for the additional $50,000 payment, as well as attorney fees and costs.

It is from the denial of her petition for additional relief that Johnson appeals, asserting a single assignment of error:

"The trial court erred in failing to apply Revised Code § 1343.03(A) and pursuant thereto compute and grant to the administratrix prejudgment interest on the balance of the unpaid limits declared to be due by the trial court."

In her assignment of error, Johnson argues that the unambiguous language of R.C. 1343.03(A) and (C) requires that prejudgment interest be paid from the date her action against Burgins and Liberty accrued.

R.C. 1343.03(A) provides:

"[W]hen money becomes due and payable upon any * * * instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum[.]"

R.C. 1343.03(C) provides for prejudgment interest "on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties."

In order to trigger the payment of interest pursuant to R.C. 1343.03, the judgment, decree, or order sought from a court must be one "for the payment of money." Following their settlement agreement and Johnson's dismissal of the claims against Burgins and Liberty, the declaratory judgment action was the only action remaining between the parties.

A declaratory judgment declares only "rights, status, and other legal relations." R.C. 2721.02. In order to obtain a judgment for the payment of money in a declaratory judgment action, "the prayer for relief must contain either an express request for a money judgment or one which could be construed as such, and * * * a money judgment, definite in amount, must be rendered." *Jeppe v. Blue Cross of N.E. Ohio* (1980), 67 Ohio App.2d 87, 92–93, 21 O.O.3d 406, 409–410, 425 N.E.2d 947, 951. A declaration that per accident limits, rather than per person limits, of an insurance company apply is not a judgment for the payment of money. *Estate of Baxter v. Grange Mut. Cas. Co.* (1992), 73 Ohio App.3d 512, 522, 597 N.E.2d 1157, 1163–1164.

The judgment sought by Liberty was a declaration only of which limits of Liberty's insurance agreement with Burgins applied to the action by Johnson. There was no prayer for money, and no money judgment, definite in amount, was rendered. In fact, when Johnson refused to accept the $50,000 tendered, Liberty was compelled to move the court to enforce settlement because it had no other court order capable of compelling payment or settlement of the controversy between the parties. The declaratory judgment lacked such force.

Accordingly, payment of prejudgment interest was not triggered. Johnson's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DICKINSON and SLABY, JJ., concur.