**SUDNEK, f.k.a. Blackett, Appellant,**

**v.**

**KLEIN, Exr., et al., Appellees.**

[Cite as *Sudnek v. Klein* (1997), 125 Ohio App.3d 336.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 96–G–2018.

Decided Sept. 29, 1997.

*Matthew J.D. Lynch,* for appellant.

*Louis C. Gossick,* for appellees.

WILLIAM M. O'NEILL, Judge.

This is an accelerated calendar case submitted to this court on the briefs of the parties.

On August 9, 1995, appellant Marjorie Sudnek, f.k.a. Marjorie L. Blackett, filed a declaratory judgment action in Geauga County Common Pleas Court, Probate Division, seeking to hold Richard C. Klein, executor of the estate of Ralph M. Lauria, Jr., personally liable for substantial financial losses that occurred in the estate while under his control. The decedent died on October 22, 1987, and was survived by an estranged wife, three emancipated children and appellant, who was his girlfriend of nine years.

The decedent owned all of the stock, two hundred and fifty common shares, of Lauria Excavating Co., Inc., at the time of his death. One of the decedents's sons, Michael Lauria, was employed by the corporation. Upon the death of the decedent, Klein, the executor, took control of the corporation while Michael Lauria managed the day-to-day operations. Appellant alleges that the corporation was valued at $450,000 at the time of the decedent's death. It is undisputed that the executor never sought approval or permission from the probate court to continue to operate the business, yet he proceeded to do so for nearly eight years.

Klein filed the first accounting on April 26, 1990, at which time he indicated that the business was valued at $349,200. A second accounting was filed on January 25, 1995, at which time the value of the corporation had fallen to $19,129. Finally, in October 1995, the executor distributed the corporate stock to the heirs.

Appellant's complaint for declaratory judgment contained two counts. Count one alleged that the executor violated R.C. 2113.30 in operating a corporate business for a period longer than one month after his appointment as executor without court authority, and that he should be held personally liable for the loss suffered by the corporation. Count two alleged the continued holding of the corporate stock violated R.C. 2109.37, which addresses the proper investment of estate assets. As a result of the executor's alleged wrongful investment of estate assets, no income was generated for the estate. Appellant sought to hold Klein personally liable "for losses as a result of [his] failure to fulfill his statutory and fiduciary duties in the management, investment and preservation of the estate and in particular the loss of value and income from the Lauria Excavating Company, Inc." With respect to the second count, appellant demanded judgment declaring "[t]he failure of the Executor to properly invest and preserve the assets of the estate and the liability of the Executor for any loss resulting from the Executor's actions and the amount of the loss."

On August 16, 1995, appellee, Richard C. Klein, individually and as executor of the estate of Ralph M. Lauria, Jr., filed a motion to dismiss count one of

appellant's complaint on the basis that R.C. 2113.30 applies only to businesses operated as sole proprietorships and not corporations. The trial court granted appellee's motion to dismiss count one of the complaint on January 5, 1996.

A bench trial began on October 9, 1996. Following opening statements, appellee moved to dismiss count two of the complaint, arguing that a judgment for appellant would not terminate the controversy and would merely be an advisory opinion. Additionally, appellee claimed that a probate court can award money damages in any action within its jurisdiction but that appellant failed to include a demand for money damages in her complaint and that she had failed to amend her complaint to include a demand for money damages. In response, the trial court judge orally granted appellee's motion to dismiss the second count of the complaint. Appellant immediately made a motion to amend her complaint. The trial court overruled her motion and, on October 15, 1996, journalized its decision granting appellee's motion to dismiss and overruling appellant's motion to amend.

Appellant timely filed a notice of appeal and has set forth three assignments of error. In the first assignment of error, appellant contends that the trial court erred in granting appellee's motion to dismiss the first count of her complaint. Appellant argues that R.C. 2113.30 applies not only to sole proprietorships but to corporations where one hundred percent of the stock is owned by a single shareholder.

R.C. 2113.30 provides:

"Except as otherwise directed by the decedent in his last will and testament, an executor or administrator may, without personal liability for losses incurred, *continue the decedent's business* during one month next following the date of the appointment of such executor or administrator, unless the probate court directs otherwise, and for such further time as the court may authorize on hearing and after notice to the surviving spouse and distributees. In either case no debts incurred or contracts entered into shall involve the estate beyond the assets used in such business immediately prior to the death of the decedent without the approval of the court first obtained. During the time the business is continued, the executor or administrator shall file monthly reports in the court, setting forth the receipts and expenses of the business for the preceding month and such other pertinent information as the court may require. The executor or administrator may not bind the estate without court approval beyond the period during which the business is continued." (Emphasis *sic.*)

It is undisputed that the decedent in this case did not provide for the operation of the corporation in his last will and testament and, accordingly, R.C. 2113.30 is applicable to the situation before us.

The trial court agreed with appellee that the reference in the foregoing statute to "the decedent's business" applies only to sole proprietorships and not to corporations that have a single shareholder. We disagree. The Fourth District Court of Appeals addressed the issue and implied that a corporation owned by a single shareholder would be covered by R.C. 2113.30. *In re Shaw* (Mar. 11, 1985), Pickaway App. No. 83 CA 36, unreported, 1985 WL 6577. The court cited Bogert & Bogert, Trust and Trustees (2 Ed.Rev.1980) 303–304, Section 573, wherein it was stated:

"The power to authorize continuance applies to sole proprietorships, and to cases of partnerships * * *. It also applies to the continuance of a business through complete or majority stock control of a corporation * * *."

It is clear that the purpose of R.C. 2113.30 is to protect the interests of the heirs by requiring the executor or administrator to obtain the permission of the probate court in order to continue the business for more than one month, and to file monthly reports setting forth the receipts and expenses. This procedure allows the probate court to oversee the operation of the business.

The legislature did not limit the applicability of R.C. 2113.30 to only sole proprietorships or unincorporated businesses but instead used the term "decedent's business." There is no logical reason to differentiate between sole proprietorships and corporations that have a single shareholder in the context of protecting heirs from the malfeasance of an executor in a fiduciary position. In either situation, the executor has the power to mismanage the assets of the business, which is apparently what happened in this case. The business went from having a value of over $400,000 to nearly zero with no explanation whatsoever.

Additionally, the status of the corporation is not in any way affected by the application of R.C. 2113.30. The separation between the shareholders and the corporation remains intact. R.C 2113.30 simply provides the probate court with a method of protecting the interests of the heirs, while at the same time providing immunity for the executor who abides by the terms of the statute.

For the foregoing reasons, we hold that R.C. 2113.30 applies to corporations which have a single shareholder. Hence the trial court erred in granting appellee's motion to dismiss the first count of appellant's complaint. Appellant's first assignment of error is sustained.

In the second assignment of error, appellant asserts that the trial court erred by granting appellee's motion to dismiss the second count of appellant's complaint for failure to include a demand for specific monetary damages.

Ohio courts have held that in order to obtain a money judgment in a declaratory judgment action, "the prayer for relief must contain either an express request for a money judgment or one which could be construed as such * * *." *Jeppe v. Blue Cross* (1980), 67 Ohio App.2d 87, 92–93, 21 O.O.3d 406, 410, 425 N.E.2d 947, 951; *Smith v. Great Atlantic & Pacific Tea Co.* (June 29, 1990), Portage App. No. 88–P–2002, unreported, 1990 WL 94864, at 15, citing *Jeppe.* The trial court decided that appellant's complaint failed to meet either of these criteria. Appellant's complaint stated, in relevant part:

"Plaintiff hereby demands judgment declaring as follows:

" * * *

"The failure of the Executor to properly invest and preserve the assets of the estate and the liability of the Executor for any loss resulting from the Executor's actions and the amount of the loss."

In the case *sub judice*, it is clear that appellant did not expressly request monetary relief nor include a specific dollar amount. However, a reasonable interpretation of appellant's complaint could lead to the conclusion appellant was requesting money damages for the amount of the loss suffered as a result of the failure of the executor to properly invest and preserve the assets of the estate. The trial court, however, chose to dismiss the complaint without prejudice, acknowledging that the matter would be back before the court in the future. Clearly, this was unreasonable given the fact that all parties were present and the trial judge admitted that three days had been cleared from his docket to allow for a trial on the matter. Judicial economy was not served. Moreover, it was unreasonable for the trial court to find that appellant's complaint could not be construed as one for money damages.

In fact, a declaratory judgment action in a probate matter where the plaintiff is seeking to hold an executor liable for mismanagement of an estate should always be construed as requesting money damages. In essence, this is a probate exception to the rule set forth in *Jeppe.* Under these circumstances, it is not necessary to include in the prayer an express request for a money judgment.

Accordingly, the trial court erred in dismissing the second count of appellant's complaint for failure to include a demand for specific monetary damages. Appellant's second assignment of error is sustained.

In the third assignment of error, appellant submits that the trial court erred in overruling her motion to amend the complaint to include a specific amount of money damages after the trial judge indicated that the complaint would be dismissed.

In light of our decision with respect to appellant's second assignment of error, the issue of whether or not the trial court should have allowed appellant to amend her complaint is moot and, therefore, need not be addressed pursuant to App.R. 12(A)(1)(c).  The trial court should not have dismissed the complaint and, hence, it was not necessary for appellant to attempt to amend her complaint.

For the foregoing reasons, we decline to address appellant's third assignment of error.

The judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion.  Costs are assessed to appellees.

*Judgment accordingly.*

FORD, P.J., and CACIOPPO, J., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.