JOURNAL ENTRY and OPINION.
{¶ 1} Ministerial Day Care Association ("MDCA"), the relator, has filed a complaint for a writ of mandamus,[1] seeking the following from the respondent, Susan Tave Zelman ("Zelman"), Superintendent of Public Instruction, Ohio Department of Education: (1) payment of $11 million in outstanding Head Start Program and Child and Adult Care Food Program funds, (2) declaration that MDCA is entitled to over $8 million in Head Start Program funds for the fiscal year 2003, (3) a declaration that MDCA is an approved Head Start Program provider, and (4) a declaration that MDCA is an approved Child and Adult Care Food Program provider.[2]
Zelman has filed a motion to dismiss which we grant for the following reasons.
 {¶ 2} MDCA is a non-profit organization that receives both state and federal funds which are used to operate a Head Start Program that provides educational day care services for children of low income families. In addition, MDCA operates a Child and Adult Care Food Program which provides food and nutrition services to low income families. Zelman, through the Ohio Department of Education ("ODE"), manages, administers, and monitors the operation of the Head Start Program and the Child and Adult Care Food Program ("the programs") as operated by MDCA. Based upon the complaint for a writ of mandamus, MDCA argues that Zelman, through the ODE, has improperly refused to transfer outstanding grant funds totaling approximately $11 million for the programs in 2002. In addition, MDCA seeks the transfer of over $8 million in Head Start Program funds for the fiscal year 2003. MDCA argues it possesses a legal right to the aforesaid funds and that Zelman possesses a legal duty to transfer the funds to MDCA. Finally, MDCA seeks a declaration from this court that it is both a valid Head Start Program and Child and Adult Care Food Program provider.
 {¶ 3} In order for this court to grant a writ a mandamus, MDCA must meet the following three-part test: (1) MDCA possesses a clear legal right to the requested relief, (2) Zelman possesses a clear legal duty to provide the requested relief, and (3) MDCA possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Harris v. Rhodes
(1978), 54 Ohio St.2d 41, 374 N.E.2d 641; State ex rel. National CityBank v. Bd. of Education (1977), 52 Ohio St.2d 81, 369 N.E.2d 1200. In addition, mandamus is an extraordinary remedy which must be issued with great caution and only where there exists a clear legal right to the remedy sought. State ex rel. Connole v. Cleveland Board of Education
(1993), 87 Ohio App.3d 43, 621 N.E.2d 850; State ex rel. Taylor v.Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v.Ohio Turnpike Commission (1953), 159 Ohio St. 581, 113 N.E.2d 14.
 {¶ 4} In the case sub judice, MDCA has failed to demonstrate that it possesses a clear legal right which requires Zelman to distribute the requested sums. MDCA's complaint for a writ of mandamus with attached exhibits, as well as Zelman's motion to dismiss with attached exhibits, and the brief in opposition to the motion to dismiss as filed by MDCA, can demonstrate only that MDCA was a participant in the programs and subject to the various requirements of Section 44.02 of Am.Sub. H.B. 299 (124th G.A. 2001) and the "Permanent Agreement" that was executed between the parties on or about November 4, 1996. (See Exhibit "A" as attached to the complaint for a writ of mandamus). MDCA has failed to clearly demonstrate that it has complied with all requirements under Section 44.02 of Am.Sub. H.B. 299 (124th G.A. 2001) and the "Permanent Agreement" which would create a duty on the part of Zelman to distribute the requested funds. In fact, in State ex rel. Ministerial Day Care v. Jim Petro,Auditor of State (Apr. 29, 2003), Cuyahoga App. Nos. 81762 and 81895, this court refused to issue a writ of mandamus to vacate a finding by the Auditor of the State of Ohio that MDCA must return funds in excess of $4 million as a result of "* * * funds paid for more children than MDCA could document as having been in the program; funds paid to MDCA in excess of the amount paid to private providers; and funds for computer equipment and furniture."
 {¶ 5} Notwithstanding the fact that MDCA has failed to demonstrate that it possesses a clear legal right to the requested funds or that Zelman possesses a clear legal duty to distribute the requested funds, we find that the petition for a writ of mandamus fails on its face. The power of this court to hear an original action is derived from Section 3, Article IV of the Ohio Constitution, which provides that courts of appeal shall have original jurisdiction in (1) quo warranto, (2) mandamus, (3) habeas corpus, (4) prohibition, and (5) procedendo. A court of appeals possesses no original jurisdiction to hear an action for a declaratory judgment. State ex rel. Neer v. Indus. Comm. (1978), 53 Ohio St.2d 22,371 N.E.2d 842; State ex rel. Bedocs v. Indus. Comm. (Nov. 25, 1986), Franklin App. No. 86AP-497. An action filed and couched in the form of mandamus does not state a cause of action in mandamus when the substance of the allegations clearly demonstrates an action for a declaratory judgment. Such an action, as couched in mandamus, is subject to dismissal. Cf. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141; 228 N.E.2d 631.
 {¶ 6} Any action which seeks a declaratory judgment is governed by R.C. 2721.02 which provides that courts of record may "* * * declare rights, status, and other legal relations * * *" of persons or other entities. Although R.C. Chapter 2721 does not expressly provide for the granting of a monetary judgment in a declaratory judgment, such relief may be provided so long as the amount of the monetary judgment is specifically prayed for and warranted by the proof. Jeppe v. Blue Cross ofNortheast Ohio (1980), 67 Ohio App.2d 87, 425 N.E.2d 947. Herein, the complaint for a writ of mandamus, as filed by MDCA, requires that this court declare the rights and duties of both MDCA and Zelman with regard to MDCA's participation in the Head Start Program and the Child and Adult Care Food Program and further requires that this court determine the amount of grant funds, if any, allegedly owed by Zelman to MDCA. In addition, MDCA requests that this court recognize and declare MDCA's rightful status as a Head Start Program and a Child and Adult Care Food Program provider. Clearly, MDCA's complaint can only be described as a complaint for a declaratory judgment and not a complaint for a writ of mandamus.
 {¶ 7} Finally, we find that MDCA has failed to fulfill the last prong of the three-part test which applies to mandamus actions. MDCA, through its complaint for a writ of mandamus, is specifically seeking the payment of monetary funds from the ODE, a state entity. The Court of Claims possesses original jurisdiction over all claims brought against the State of Ohio as permitted by the waiver of sovereign immunity. See R.C. 2743.03(A)(1) and 2743.02. MDCA, through its request for monetary funds, possesses an adequate remedy at law through an action that must be filed in the Ohio Court of Claims. Boggs v. State of Ohio (1983),8 Ohio St.3d 15, 455 N.E.2d 1286; Friedman v. Johnson (1985),18 Ohio St.3d 85, 480 N.E.2d 82; Ohio Hosp. Assn. v. Ohio Dept. of HumanServices (1991), 62 Ohio St.3d 97, 579 N.E.2d 695; Manning v. Ohio StateLibrary Bd. (1991), 62 Ohio St.3d 24, 577 N.E.2d 650. See, also, R.C.2731.05.
 {¶ 8} Accordingly, we grant Zelman's motion to dismiss MDCA's complaint for a writ of mandamus. Costs to MDCA. It is further ordered that the Clerk of the Eighth District Court of Appeals serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Complaint dismissed.
ANNE L. KILBANE, P.J. concurs.
FRANK D. CELEBREZZE, JR., J. concurs.
[1] MDCA also filed an application for an alternative writ of mandamus which was denied by this court on December 4, 2002.
[2] Jim Petro, formerly the Auditor of the State of Ohio, was also named as a respondent. MDCA filed a "notice of dismissal without prejudice with respect to respondent Petro, only."