[Cite as *Schreyer v. Preble Cty. Bd. of Commrs.*, 2013-Ohio-3087.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| MANFRED R. SCHREYER d.b.a Taffy's of Eaton, | : | |
| | : | CASE NO. CA2012-12-018 |
| Plaintiff-Appellant, | : | D E C I S I O N |
| | : | 7/15/2013 |
| - vs - | : | |
| | : | |
| BOARD OF COMMISSIONERS OF PREBLE COUNTY, OHIO, | : | |
| | : | |
| Defendant-Appellee. | : | |

CIVIL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 12 CV 029618

Jane E. Schreyer, 100 West Main Street, Eaton, Ohio 45320, for plaintiff-appellant

Martin P. Votel, Preble County Prosecuting Attorney, Kathryn M. West, Preble County Courthouse, 101 East Main Street, Eaton, Ohio 45320, for defendant-appellee

**Per Curiam.**

{¶ 1} This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, and original papers from the Preble County Court of Common Pleas, and upon the briefs and oral arguments of counsel. Now, therefore, the assignment of error having been fully considered is passed upon in conformity with App.R. 12(A) as follows:

{¶ 2} Plaintiff-appellant, Manfred R. Schreyer d.b.a. Taffy's of Eaton, appeals from a

decision of the Preble County Court of Common Pleas dismissing his complaint for declaratory judgment against defendant-appellee, Preble County Board of Commissioners ("commissioners").

{¶ 3} On June 11, 2012, a public forum was scheduled to be held at Taffy's. The forum was organized by Taffy's and the Preble County Chamber of Commerce ("chamber") to discuss a potential county development project, Goose Creek. As a part of the forum, several people were invited to serve on a panel to answer questions regarding Goose Creek, including the commissioners. All three commissioners agreed to join the panel.

{¶ 4} On June 10, 2012, one day prior to the scheduled event, two local newspapers ran an announcement stating that the forum is moved from Taffy's to the Preble County Commissioners' Chambers. The reasons cited in the announcement for the move included that it was best for the commissioners to be in session, the forum needed to be recorded, and some panelists were concerned the forum was taking place at a private business. One announcement quoted "public officials" and the other announcement specifically named one of the commissioners. A forum was held on the specified date at the commissioners' chambers.

{¶ 5} At a commissioners' meeting held on July 30, 2012, a letter from the chamber was read into the record highlighting the chamber's displeasure regarding the commissioners' action moving the forum. All three commissioners stated on the record that they had no recollection of moving the forum. However, at a subsequent commissioners' meeting, when pressed, one of the commissioners admitted on the record that they had called the newspapers regarding moving the forum.

{¶ 6} On September 27, 2012, Schreyer filed a complaint for declaratory judgment against the commissioners requesting a declaration that: (1) the commissioners acted illegally by moving a chamber-sponsored event from a private business to another location,

(2) that the commissioners acted dishonestly in contravention of the spirit, if not the word, of the Ohio Ethics Statute when they denied, and later admitted, to moving the forum, and (3) the commissioners retaliated or threatened to retaliate against Taffy's when one commissioner stated that whether he attended a forum in the future would depend on where the forum was held. Schreyer requested a written public apology be placed on the record at a commissioners' meeting. In response, the commissioners filed a motion to dismiss and motion for fees and sanctions. The trial court sustained the commissioners' motion to dismiss. The trial court held that there was no real and present controversy between Schreyer and the commissioners. Additionally, the trial court overruled the commissioners' motion for sanctions.

{¶ 7} Schreyer now appeals and raises one assignment of error for review:

{¶ 8} THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT'S COMPLAINT FOR DECLARATORY JUDGMENT.

{¶ 9} Schreyer argues that the trial court erred in finding that a real and present controversy did not exist between Schreyer and the commissioners because the commissioners had already acted by illegally moving a forum from a private business to the commissioners' chambers and the controversy was not dependent upon some hypothetical future event. We disagree.

{¶ 10} Although Schreyer urges us to employ a de novo standard of review, an appellate court reviews a trial court's dismissal of a declaratory judgment action regarding justiciability under an abuse of discretion standard. *Mid-Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, paragraph two of the syllabus; *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 13. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} Schreyer filed a declaratory judgment action pursuant to R.C. 2721.02, which allows courts of record to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." "A declaratory judgment action provides a means by which parties can eliminate uncertainty regarding their legal rights and obligations." *Mid-Am. Fire & Cas. Co.* at ¶ 8. The purpose of a declaratory judgment action is to dispose of "uncertain or disputed obligations quickly and conclusively." *Id.*

{¶ 12} An action for a declaratory judgment may be dismissed pursuant to Civ.R. 12(b)(6) for failure to state a claim upon which relief can be granted. *Home Builders Assn. of Dayton & Miami Valley v. Lebanon*, 12th Dist. No. CA2003-12-115, 2004-Ohio-4526, ¶ 13. "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (1991). Before a trial court may dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond a reasonable doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. "[T]here are only two reasons for dismissing a complaint for declaratory judgment pursuant to Civ.R. 12(B)(6): 1.) where there is no real controversy or justiciable issue between the parties, and 2.) when the declaratory judgment will not terminate the uncertainty or controversy." *Lebanon* at ¶ 13.

{¶ 13} In order for a justiciable question to exist, "[t]he danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events * * * and the threat to his position must be actual and genuine and not merely possible or remote." *Mid-Am. Fire & Cas. Co.* at ¶ 9. A "controversy" exists for purposes of a declaratory judgment action when there is a genuine dispute between parties having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Brewer v. City of Middletown*, 12th Dist. No. CA91-02-039, 1992 WL 185691, *4 (Aug. 3, 1992), citing *Burger Brewing Co. v. Liquor Control Comm.*, 34 Ohio St.2d 93 (1973). A claim is not ripe if it rests upon "'future events that may not occur as anticipated, or may not occur at all.'" *State v. McCarty*, 12th Dist. No. CA2006-04-093, 2007-Ohio-2290, ¶ 15, quoting *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257 (1998). Furthermore, actions become moot when resolution of the issues presented is purely academic and will have no practical effect on the legal relations between the parties. *Brewer* at *4.

**{¶ 14}** While we recognize certain exceptions exist as to whether there is a justiciable question, in order for a case that is capable of repetition yet evades review, "there must be more than a theoretical possibility that the action will arise again." *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 792 (10th Dist.1991), citing *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 1184 (1982). Similarly, an exception that is of great public or general interest should only be used with caution and on rare occasions. *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, ¶ 13 (10th Dist.). Such an exception should be made "by the highest court in the state, rather than an intermediate appellate court." *Id.*

**{¶ 15}** In this case, the trial court did not abuse its discretion in finding that there is no current controversy between Schreyer and the commissioners. Any possible controversy has already been resolved as the forum regarding Goose Creek was in fact moved from Taffy's to the commissioners' chambers. Consequently, any action by a court regarding this past action would be purely academic. Furthermore, there is no indication that any other such forums are planned. Thus, the claim is not ripe as any future forum or act by the commissioners moving such a forum may not occur. There is no more than a mere theoretical likelihood that such an action would happen again. Accordingly, no justiciable question exists. The trial court did not abuse its discretion in granting the commissioners' motion to dismiss and dismissing Schreyer's complaint for declaratory judgment.

{¶ 16} Schreyer's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

HENDRICKSON, P.J., S. POWELL AND PIPER, JJ., concur.