[Cite as *Burchwell v. Warren Cty.*, 2014-Ohio-1892.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| MICHAEL BURCHWELL, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2013-09-079 |
| | : | O P I N I O N |
| - vs - | | 5/5/2014 |
| | : | |
| WARREN COUNTY, OHIO, | : | |
| Defendant-Appellee. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13 CV 84102

George A. Katchmer, 1886 Brock Road, N.E., Bloomingburg, Ohio 43601, for plaintiff-appellant

David P. Fornshell, Warren County Prosecuting Attorney, Keith W. Anderson, 500 Justice Drive, Lebanon, Ohio 45036, for defendant-appellee

**RINGLAND, P.J.**

{¶ 1} Plaintiff-appellant, Michael Burchwell, appeals from a decision of the Warren County Court of Common Pleas dismissing his complaint for declaratory judgment against defendant-appellee, Warren County, Ohio. For the reasons outlined below, we affirm the judgment of the trial court.

{¶ 2} In May 2013, Burchwell filed a complaint for declaratory judgment against

Warren County. Burchwell alleged that the Warren County Prosecutor and Judge Bronson of the Warren County Common Pleas Court deprived him of his constitutional right to due process and representation of counsel. Burchwell stated in the complaint that he was previously convicted in Warren County of disrupting public service, domestic violence, and criminal damaging for which he was sentenced to three years of community control.[1] Burchwell alleged that testimony in the criminal trial revealed that the domestic violence complainant received payments from the Warren County Prosecutor's Office to pursue the charges. In addition to payments, Burchwell alleged that the Warren County Prosecutor's Office threatened to remove the domestic violence complainant's children from her care. Furthermore, Burchwell alleged Judge Bronson threatened him with contempt of court if he did not proceed with the criminal trial pro se. In response to Burchwell's complaint for declaratory judgment, Warren County filed a motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6).

{¶ 3} On August 23, 2013, the trial court dismissed Burchwell's complaint for declaratory judgment. The trial court stated that the complaint did not meet the standards to permit declaratory relief. The trial court also stated that a declaratory judgment action could not be used to bypass a statutory procedure to address the wrong, such as R.C. 2953.21 for postconviction relief. Burchwell now appeals the trial court's dismissal of his complaint for declaratory judgment and sets forth one assignment of error for review:

{¶ 4} A COURT MAY NOT DISMISS A CIVIL COMPLAINT WITHOUT GIVING A CLEAR BASIS FOR ITS DECISION.

{¶ 5} Burchwell argues that the trial court erred in dismissing his complaint for

---

1. Burchwell stated that he was convicted of these offenses in Warren County Common Pleas Case No. 09-CR-26259. Burchwell also stated that he appealed his conviction and sentence pro se in May 2011, which we dismissed. *State v. Burchwell*, 12th Dist. Warren No. 2011-05-051 (Sept. 8, 2011) (Entry Dismissing Appeal).

declaratory judgment because it did not provide sufficient analysis in its decision. Burchwell asserts that the trial court only gave a rote recitation of the law and then gave a blanket statement that Burchwell's complaint did not meet the standards for declaratory relief. Because of the lack of analysis, Burchwell contends the trial court abused its discretion in dismissing his complaint for declaratory judgment and urges us to remand this matter to the trial court for clarification so that he can develop a more intelligent argument for appeal.

{¶ 6} The Ohio Supreme Court has held that even within the confines of Civ.R. 12(B)(6), the "[d]ismissal of a declaratory judgment action is reviewed under an abuse-of-discretion standard." *Mid-Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, paragraph two of the syllabus. *See also Schreyer v. Preble Cty. Bd. of Commrs.*, 12th Dist. Preble No. CA2012-12-018, 2013-Ohio-3087, ¶ 10. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 7} An action for a declaratory judgment may be dismissed pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. *Home Builders Assn. of Dayton & Miami Valley v. Lebanon*, 12th Dist. Warren No. CA2003-12-115, 2004-Ohio-4526, ¶ 13. "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (1991). Before a trial court may dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond a reasonable doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 8} Civ.R. 52 does not require the trial court, in ruling on a claim for declaratory

relief, to make separate findings of fact and conclusions of law. *See Walther v. Walther*, 102 Ohio App.3d 378, 381-382 (1st Dist.1995) (a trial court does not act as a fact finder in exercising its discretion not to entertain a complaint for declaratory judgment and is not obligated to make findings of fact). A trial court is also not required to make findings of fact or conclusions of law when ruling on a Civ.R. 12 motion. Civ.R. 52. Additionally, when questions of fact are tried to a trial court, a judgment may be general unless one of the parties in writing requests separate findings of facts and conclusions of law. *Id.*

{¶ 9} Trial courts are given broad latitude in determining whether to proceed with a declaratory judgment action. *Trinity Health Sys. v. MDX Corp.*, 180 Ohio App.3d 815, 2009-Ohio-417, ¶ 38 (7th Dist.), citing *State ex rel. Dickison v. Lake Cty. Court of Common Pleas*, 28 Ohio St.2d 179, 180 (1971). In order for declaratory relief to be proper, three elements must be met. *Aust v. Ohio State Dental Bd.*, 136 Ohio App.3d 677, 681 (10th Dist.2000); *Hawk v. Am. Elec. Power Co.*, 3d Dist. Allen No. 1-04-01, 2004-Ohio-3549, ¶ 20. The essential elements for declaratory relief are (1) a real controversy between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties. *Aust* at 681; R.C. 2721.02. There are generally only two reasons for dismissing a complaint for declaratory judgment pursuant to Civ.R. 12(B)(6), (1) where there is no real controversy or justiciable issue between the parties, and (2) when the declaratory judgment will not terminate the uncertainty or controversy. *Lebanon* at ¶ 13; *Schreyer* at ¶ 12; R.C. 2721.07. Additionally, the trial court lacks jurisdiction to hear actions for declaratory judgment when special statutory proceedings are available, including postconviction relief petitions couched as declaratory judgment actions. *State ex rel. Albright v. Delaware Cty. Court of Common Pleas*, 60 Ohio St .3d 40, 42 (1991). *See State v. Augustine*, 9th Dist. Medina No. 2762-M, 1998 WL 150393, *1 (Apr. 1, 1998); *Stamper v. State*, 3d Dist. Wyandot No. 16-01-12, 2001 WL 1545488, *2 (Dec. 5, 2001).

{¶ 10} While a more detailed rationale might be better practice, the trial court did not abuse its discretion in failing to provide findings of fact or a more detailed analysis for its dismissal of Burchwell's complaint for declaratory judgment. Even if Civ.R. 52 provided for findings of fact for dismissals of declaratory judgment actions, Burchwell failed to request separate findings of fact and conclusions of law. Furthermore, the trial court addressed, albeit briefly, appropriate reasons for dismissing Burchwell's complaint for declaratory judgment. In dismissing Burchwell's complaint, the trial court stated that the complaint did not meet the standards permitting declaratory relief after outlining the three essential requirements of a declaratory action. By doing so, the trial court effectively ruled that at least one of the valid reasons existed for dismissing a declaratory action. Additionally, in its analysis the trial court stated that a declaratory action cannot be used to bypass statutory procedure specifically designed to redress the wrong, citing R.C. 2953.21 and its procedure for postconviction relief.

{¶ 11} The trial court was not unreasonable, arbitrary, or unconscionable in its decision to dismiss Burchwell's complaint for declaratory judgment. Consequently, the trial court did not abuse its discretion. Burchwell's sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.