[Cite as *Gauthier v. Gauthier*, 2019-Ohio-4208.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| SU KANG GAUTHIER, | : | CASE NOS. CA2018-09-098 |
| | | CA2018-09-099 |
| Appellee, | : | |
| | | O P I N I O N |
| | : | 10/14/2019 |
| - vs - | | |
| | : | |
| FORREST P. GAUTHIER, | : | |
| Appellant. | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13CV83644


Robert A. Klingler, Co., L.P.A., Robert A. Klingler, 525 Vine Street, Suite 2320, Cincinnati, Ohio 45202, for appellee

Charles K. Fischer, 3727 Maple Park Avenue, Cincinnati, Ohio 45209, for appellant

Thomas E. Grossmann, 4533 Morris Court, Mason, Ohio 45040, for appellant


**M. POWELL, J.**

{¶ 1} Appellant, Forrest Gauthier, appeals a decision of the Warren County Court of Common Pleas awarding $54,356.50 to his former wife and appellee, Su Kang Gauthier.

{¶ 2} The parties were divorced on March 3, 2009. Forrest is the "sole member" of a corporate entity that owns several patents. Prior to their divorce being finalized, the

parties entered into a Full Text Separation Agreement ("FTSA"). The FTSA divided the parties' personal and marital property and provided that Forrest retain the patent corporation. The FTSA further provided that the parties file joint income tax returns for 2006 through 2008 and separate income tax returns for 2009 and subsequent tax years.

{¶ 3} Section 7.5 of the FTSA established a fund of money (the "Funds") to be used to pay certain joint obligations of the parties. Specifically, Section 7.5(a) through (d) provided that the Funds be used to pay the parties' federal, state, and local income tax obligations for the tax years 2006 through 2008, joint litigation expenses, and any "outstanding Patent Costs." Section 7.5(e) further provided that any monies remaining after the payment of the foregoing costs

> will then be applied to any federal, state or local taxes attributable to the Funds which have not been paid under 7.5(a) such that any taxes attributable to the Funds are shared equally by the parties and then to Patent Costs. If the Funds are insufficient to make the payments required under this Paragraph 7.5(e), both parties will contribute equally to those payments.

{¶ 4} Section 7.5(c) of the FTSA defines Patent Costs as "any attorney fees, expenses and/or costs related to the prosecution and/or maintenance of the Marital Patent Portfolio (including, but not limited to, patent maintenance fees paid to the U.S. Patent Office)."

{¶ 5} Subsequent to the execution of the FTSA, the parties' accountant advised them that they may owe the Internal Revenue Service a tax penalty of $108,713.

{¶ 6} In January 2010, the parties entered into an addendum agreement (the "Addendum") "to resolve disputes that ha[d] arisen between the parties regarding certain rights, obligations and consideration found in Sections * * * 7.5 * * * of the [FTSA]."

{¶ 7} Paragraph 3 of the Addendum established a Tax Penalty Reserve Fund

("TPR") and provided for its distribution as follows:

> Su shall be entitled to 50% of any portion of the $108,713.00 tax penalty reserve from the 2005 amended, 2006, 2006 amended, 2007 and 2008 tax filings of the parties, currently held by Forrest, if permanently held back from the IRS. Su acknowledges and agrees that Forrest has the sole discretion to determine when and what portion of the $108,713.00, if any, shall be paid to the Federal government or permanently held back. Su expressly waives any claim to challenge any aspect of the tax penalty reserve and any claim against Forrest * * * relating in any way thereto. Upon Forrest's decision to permanently hold any portion of the tax penalty reserve from the IRS, Forrest will provide Su with written notification directly or through her attorney and shall pay Su her 50% of any such portion withheld within 2 business days of such notice unless monies are owed and have not been paid by Su pursuant to paragraph 4 of this Agreement, in which case Forrest may use Su's portion of any tax penalty refund to pay some or all of such Paragraph 4 obligation rather than distributing the Paragraph 3 monies directly to Su.

{¶ 8} Paragraph 4 of the Addendum addressed Su's tax liability and provided that

> Su is liable for 50% of any penalties, payments, deficiencies, taxes, or interest owed to the State of Ohio and/or the Federal government related to the 2005 amended, 2006, 2006 amended, 2007 and 2008 tax filings of the parties and the tax penalty reserve funds. Su waives any claim against Forrest * * * arising out of or relating to any penalties, payments, deficiencies, taxes or interest owed to the State of Ohio and/or the Federal government related to the 2005 amended, 2006, 2006 amended, 2007, and 2008 tax filings of the Parties and the tax penalty reserve funds. The parties shall each pay their 50% share within 5 business days of notification by the government of any monies owed.

{¶ 9} Paragraph 5 of the Addendum included the following waiver: "Su does hereby and forever waive any and all claims, rights, money, obligations, consideration, costs, attorney fees and/or causes of action against Forrest * * * arising out of or related to in any way Sections * * * 7.5 * * * of the FTSA."

{¶ 10} Toward the end of 2012, Su, through her attorney, contacted Forrest's

- 3 -

attorney and inquired about the status of the TPR. On January 1, 2013, Forrest's attorney sent an email, advising that: Su was responsible for one-half of the patent taxes under the parties' agreements; Forrest was permitted to offset Su's 50 percent share of the patent taxes from any amounts owed to Su; Forrest had paid more than $92,000 in patent taxes; and Su was responsible for $46,000 of those patent taxes, which amount was an offset against Su's one-half share of the TPR. The next day, Forrest's attorney sent an email clarifying that the term "patent taxes" referred to patent maintenance fees. On January 4, 2013, Forrest's attorney provided Su's attorney an accounting of the FTSA Section 7.5 Funds.

{¶ 11} On February 11, 2013, Su filed a complaint against Forrest, alleging breach of the Addendum, anticipatory breach of the Addendum, unjust enrichment, and conversion, and requested an accounting of the Funds established by the FTSA. The complaint was premised upon Forrest's failure or anticipated failure to disburse to Su one-half of the TPR after the three-year audit statute of limitations for their 2008 joint income tax return had expired in December 2012. The complaint further requested a declaratory judgment to declare the parties' rights and obligations regarding the TPR, including when Su should receive her one-half of the TPR and whether there were any applicable setoffs. The complaint was initially filed in the Warren County Domestic Relations Court but was later transferred to the Warren County Court of Common Pleas, General Division.

{¶ 12} Forrest moved to dismiss the complaint as prohibited by the Addendum. The trial court denied the motion. On July 23, 2014, Forrest filed an answer and counterclaim. Forrest's counterclaim asserted that Su breached the Addendum by filing her lawsuit in violation of the waiver provisions of the Addendum, and by failing to report the "alimony"

payment set forth in Paragraph 1 of the Addendum in her 2010 income tax return.[1] Forrest asserted that Su's failure to report the alimony payment prompted the IRS to audit him.

{¶ 13} In the interim, Forrest filed a lawsuit against Su and her attorney in Hamilton County, Ohio in April 2013. Forrest alleged that Su had converted his personal property and breached the Addendum by negotiating an IRS refund check in violation of Paragraph 2 of the Addendum. Forrest ostensibly filed the lawsuit in Hamilton County because he was seeking an award of damages that could not be granted by the Warren County Domestic Relations Court, where Su had initially filed her complaint. Forrest's lawsuit was dismissed on summary judgment on December 17, 2014. The First Appellate District upheld the grant of summary judgment in favor of Su in October 2016.

{¶ 14} In the summer of 2015, the parties moved for summary judgment on Su's claims for breach of contract, anticipatory breach of contract, and declaratory judgment, and on Forrest's counterclaim for breach of contract. At the time the trial court considered the parties' cross-motions for summary judgment, the FTSA had not been filed with the court.

{¶ 15} On December 15, 2015, the trial court issued a decision on the parties' cross-motions for summary judgment. Regarding Su's breach of contract claim, the trial court noted that Forrest had elected, as was his right, to wait until a six-year audit statute of limitations would run before making a determination about the TPR, and that the parties agreed that the six-year statute of limitations would run on December 17, 2015. The trial court found that as the statute of limitations had not run at the time Su filed her complaint, Forrest had not breached the Addendum.

---

1. Paragraph 1 of the Addendum required Forrest to pay Su a certain lump sum within two business days of the Addendum's effective date. The provision further provided that $150,000 of the lump sum "shall be treated as alimony and shall be taxable income for Su in the year 2010."

**{¶ 16}** Regarding Su's anticipatory breach of contract claim, the trial court found that Forrest had never unequivocally stated he did not intend to comply with the Addendum prior to Su's complaint or that Su was not entitled to one-half of the TPR. Rather, Forrest had only indicated that Su's one-half of the TPR was subject to setoffs under the FTSA. As a result, the trial court found there was no anticipatory breach of the Addendum. Consequently, the trial court granted summary judgment in favor of Forrest on Su's claims for breach of contract and anticipatory breach of contract.

**{¶ 17}** The trial court granted Su's request for a declaratory judgment regarding the parties' rights and obligations under the Addendum. Specifically, the trial court determined that once the six-year audit statute of limitations would run on December 17, 2015, Forrest was required to make a determination regarding the TPR and notify Su of that determination within two days thereafter, and that Su was entitled to one-half of the TPR. The trial court further found that Paragraph 4 of the Addendum "sets forth certain [setoff] rights." The trial court acknowledged that "arguments were made regarding [setoff] rights existing under the FTSA." However, because the FTSA was not before the trial court, the court found itself "hampered in regard to declaring the entire [setoff] rights that may exist and the Court leaves the issue between the parties to resolve. The Court may only construe what is before it."

**{¶ 18}** Regarding Forrest's counterclaim for breach of contract, the trial court found that Su had not breached the Addendum by filing her lawsuit against Forrest. Noting that the parties had been "locked in a serious dispute regarding the interpretation of the contract's terms," the trial court found "it was not inappropriate for [Su] to seek a determination of her rights through a declaratory judgment, particularly given the history of animosity between the parties." The trial court declined to consider Forrest's counterclaim for breach of contract regarding the alimony payment. The trial court noted that the

- 6 -

Hamilton County Court of Common Pleas had issued a decision "on this identical issue and this Court will not issue a separate ruling on a claim that has been resolved (or is on appeal) in another court." Consequently, the trial court granted summary judgment in favor of Su on Forrest's counterclaim for breach of contract. The trial court ordered counsel to prepare a final judgment entry reflecting its decision. The parties were, however, unable to agree on an entry and no entry was filed at that time.

{¶ 19} On April 7, 2016, Forrest moved to be declared the "prevailing party" in the litigation for purposes of determining whether he was entitled to attorney fees under Paragraph 8 of the Addendum. Forrest further moved to amend his counterclaim to set forth two claims against Su, one for her share of the patent costs to be offset against her share of the TPR, and one for Su's theft of his personal property based upon her September 2015 indictment for theft and perjury. Attached to the motion were a December 2015 invoice representing Su's obligation to pay 50 percent of the Funds deficit under Section 7.5 of the FTSA, and a December 19, 2015 letter indicating that Forrest had made the determination to permanently hold back the TPR from the IRS and that having made no distributions from the TPR, Su's "50% share is $54,356.50."

{¶ 20} On July 3, 2017, the trial court found that neither party was the prevailing party under the court's December 2015 summary judgment decision because neither party had sufficiently prevailed to declare it a prevailing party for purposes of awarding attorney fees under the Addendum. The trial court characterized its decision as "an advisory opinion" and noted that the Addendum was not part of the file. The trial court further denied Forrest's motion to amend his counterclaim due to the prolonged pendency of the case, Forrest's "substantial opportunity to amend his counterclaim years ago," and the additional delay such an amendment would cause. The trial court ordered the parties to prepare a final

judgment entry reflecting this decision and its December 15, 2015 summary judgment decision. The trial court further advised the parties to file the Addendum with the court or the case would be dismissed.

{¶ 21} Between October 2013 and August 2017, redacted versions of the Addendum were appended to various filings in the trial court. In particular, Su attached a redacted Addendum to her 2015 motion for summary judgment; Forrest attached a slightly less redacted Addendum to his August 25, 2017 "Response to Request of the Court to File an Unredacted Version of the 2010 Addendum Agreement and Related to an Entry of Final Judgment." On August 25, 2017, for the first time, part of the FTSA was filed with the trial court when Forrest attached Page 1 and Section 7.5 of the FTSA to the above response to the trial court's request.[2]

{¶ 22} On July 23, 2018, the trial court issued two final judgment entries captioned as nunc pro tunc judgment entries. One judgment entry reflected the trial court's 2017 decision that neither party was a prevailing party in the litigation and the denial of Forrest's motion to amend his counterclaim.

{¶ 23} The other judgment entry reflected the trial court's 2015 decision on the parties' cross-motions for summary judgment. The judgment entry granted summary judgment in favor of Forrest and against Su on her claims for breach of contract and anticipatory breach of contract, denied Forrest's motion for summary judgment on his

---

2. The reason the Addendum was not filed with Su's complaint and the FTSA was not filed for several years was because of a confidentiality provision in both documents barring their public disclosure, were a dispute to arise between the parties as to the documents. Rather, the parties were required to set forth the specific terms of the documents only "in camera" to the trial court. The parties also sought to file the Addendum with the trial court under seal. Throughout the proceedings, the trial court consistently denied the parties' request for in camera review or filing under seal. We note that we granted Forrest's motion to supplement the record for purposes of this appeal. Accordingly, an unredacted Addendum and the entire FTSA are part of the record in this appeal.

counterclaim for breach of contract, granted Su's motion for summary judgment on her claim for declaratory judgment, and awarded Su $54,356.50, interest from the date of judgment, and her costs.

**{¶ 24}** Forrest now appeals, raising seven assignments of error. To facilitate the disposition of this appeal, several assignments of error will be considered out of order.

**{¶ 25}** Assignment of Error No. 2:

**{¶ 26}** THE TRIAL COURT ERRED IN GRANTING A DECLARATORY JUDGMENT.

**{¶ 27}** Forrest argues that the trial court erred in granting declaratory judgment. In support of his argument, Forrest asserts that (1) Su's declaratory judgment claim did not present a justiciable controversy because Forrest had sole discretion to make determinations about the TPR under Paragraph 3 of the Addendum, (2) Forrest's sole discretion included using the TPR to pay patent costs under Section 7.5 of the FTSA because the TPR was a subfund of the FTSA Funds, (3) Su's lawsuit improperly challenged Forrest's sole discretion to make determinations about the TPR under the Addendum, (4) Su was precluded from seeking a declaration or challenging Forrest's actions regarding the TPR under the waiver provision in Paragraph 3 of the Addendum, and (5) Su was further precluded from seeking a declaratory judgment under Paragraph 5 of the Addendum.

**{¶ 28}** Stated more succinctly, Forrest's argument asserts that the TPR is a subfund of the Funds under Section 7.5 of the FTSA, Forrest had sole discretion to make any determination regarding the TPR pursuant to Paragraph 3 of the Addendum, including whether to use the TPR to pay patent costs pursuant to Section 7.5 of the FTSA, and Su was prohibited from challenging Forrest's sole discretion and from filing a lawsuit and seeking a declaratory judgment under the waiver provisions of Paragraph 3 and 5 of the Addendum.

{¶ 29} At the core of Forest's argument is his assertion that the TPR is a subfund of the FTSA Section 7.5 Funds. Based upon this assertion, Forrest avers that his sole discretion to make determinations related to the TPR necessarily encompasses using the TPR to pay certain joint obligations of the parties under Section 7.5 of the FTSA, including patent costs.

{¶ 30} A review of the Addendum belies Forrest's assertion that the TPR is a subfund of the FTSA Section 7.5. Funds. The TPR is solely discussed in and governed by Paragraph 3 of the Addendum. Other than the language in the preamble of the Addendum that its purpose was to address a dispute concerning certain sections of the FTSA, including Section 7.5, and a reference to certain sections of the FTSA, including Section 7.5, in Paragraphs 5 and 7 of the Addendum, there is nothing in the Addendum identifying the TPR as a subfund of the FTSA Section 7.5 Funds or otherwise subjecting the TPR to Section 7.5 of the FTSA. We further note that in his answer to Su's complaint, Forrest asserted that "[Su] is confusing the fund set up by 7.5 of the FTSA with the tax reserve fund set up by the [Addendum]. There is a current deficit that [Su] owes to the 7.5 FTSA fund." Forrest's assertion indicates that the TPR and the Section 7.5 Funds are two separate funds.

{¶ 31} Furthermore, while Paragraph 3 of the Addendum allows Forrest to use Su's share of the TPR to pay some or all of her unpaid obligations, such obligations only refer to Su's unpaid obligations pursuant to Paragraph 4 of the Addendum, namely, "any penalties, payments, deficiencies, taxes or interest owed to the State of Ohio and/or the Federal government *related to the 2005 amended, 2006, 2006 amended, 2007, and 2008 tax filings of the Parties and the [TPR].* * * * The parties shall each pay their 50% share within 5 business days of notification by the government of any monies owed." (Emphasis added.) In other words, Paragraphs 3 and 4 of the Addendum only specifically authorizes Forrest to

offset 50 percent of any penalties, payments, deficiencies, taxes, and interests owed to the state or the federal government for the parties' 2005 - 2008 tax returns against any portion of the TPR to which Su would be entitled.

{¶ 32} The Latin maxim expressio unius est exclusio alterius is instructive here. This maxim means that the expression of one or more persons or things implies the exclusion of those not expressed. *Mercer v. 3M Precision Optics, Inc.*, 181 Ohio App.3d 307, 2009-Ohio-930, ¶ 13 (12th Dist.). Typically, expressio unius est exclusio alterius is applied where there is a listing of items in an associated group or series, which "'justif[ies] the inference that items not mentioned were excluded by deliberate choice, not inadvertence.'" *Id.*, quoting *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168, 123 S.Ct. 748 (2003). Thus, by specifically expressing that Forrest may offset amounts Su owes for taxes for the years 2005 through 2008 against her share of the TPR, Paragraph 3 of the Addendum excludes other items such as patent costs.

{¶ 33} In light of the foregoing, we find that the TPR is not a subfund of the FTSA Section 7.5 Funds.

{¶ 34} Forrest next asserts that Paragraph 3 of the Addendum grants him sole discretion to make determinations about the TPR, including using the TPR to pay patent costs under Section 7.5 of the FTSA.

{¶ 35} Contrary to Forrest's assertion, Paragraph 3 of the Addendum does not grant Forrest sole discretion to make any determinations regarding the TPR. Rather, Paragraph 3 only grants Forrest sole discretion to determine when and what portion of the TPR "shall be paid to the Federal government or permanently held back." In the event Forrest decides to permanently withhold any portion of the TPR from the IRS, rather than pay it to the IRS, Paragraph 3 provides that Forrest "shall pay Su her 50% of any such portion withheld * * *

- 11 -

unless monies are owed and have not been paid by Su pursuant to paragraph 4" of the Addendum. In other words, Forrest's sole discretion relates to his decision whether to pay the IRS, and not whether to disburse to Su her share of the TPR Forrest determined not to pay to the IRS. Furthermore, our holding that the TPR is not a subfund of the FTSA Section 7.5 Funds and that the Addendum does not otherwise subject the TPR to Section 7.5 of the FTSA is dispositive of Forrest's assertion he had discretion to use the TPR to pay patent costs under Section 7.5.

{¶ 36} Forrest next asserts that Paragraph 5 of the Addendum precluded Su from seeking a declaratory judgment related to Section 7.5 of the FTSA. Paragraph 5 provides that Su "does hereby and forever waive any and all claims, rights, money, obligations, consideration, costs, attorney fees and/or causes of action against Forrest * * * arising out of or related to in any way Section * * * 7.5 * * * of the FTSA." The applicability of the Paragraph 5 waiver depends upon the validity of Forrest's argument that the TPR is a subfund of the FTSA Section 7.5 Funds. Our holding that the TPR is not a subfund of the Funds and that the Addendum does not otherwise subject the TPR to Section 7.5 of the FTSA is dispositive of Forrest's assertion that Su was precluded from seeking a declaratory judgment under Paragraph 5 of the Addendum.

{¶ 37} We now address the main issue under the second assignment of error, namely, whether the trial court erred in granting a declaratory judgment. Forrest argues that Su's declaratory judgment claim did not present a justiciable controversy because Forrest had sole discretion to make determinations regarding the TPR, Su did not have a right to challenge said sole discretion, and Su was precluded from seeking a declaration or challenging Forrest's actions regarding the TPR under the waiver provision in Paragraph 3 of the Addendum, which provides, "Su expressly waives any claim to challenge any aspect

of the [TPR] and any claim against Forrest * * * relating in any way thereto."

{¶ 38} "A declaratory judgment action provides a means by which parties can eliminate uncertainty regarding their legal rights and obligations." *Mid-Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 134, 2007-Ohio-1248, ¶ 8; *Schreyer v. Preble Cty. Bd. of Commrs.*, 12th Dist. Preble No. CA2012-12-018, 2013-Ohio-3087, ¶ 11. The purpose of a declaratory judgment action is to dispose of "uncertain or disputed obligations quickly and conclusively." *Heasley* at ¶ 8. The essential elements for declaratory relief are (1) a real controversy between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties. *Burchwell v. Warren Cty.*, 12th Dist. Warren No. CA2013-09-079, 2014-Ohio-1892, ¶ 9. For purposes of a declaratory judgment action, a "justiciable issue" requires the existence of a legal interest or right, and a "controversy" exists where there is a genuine dispute between parties with adverse legal interests. *Wurdlow v. Turvy*, 10th Dist. Franklin No. 12AP-25, 2012-Ohio-4378, ¶ 13.

{¶ 39} We review the trial court's decision granting declaratory judgment in favor of Su under an abuse of discretion standard. *Levy v. Clinton Mem. Hosp.*, 12th Dist. Clinton No. CA2007-05-027, 2007-Ohio-7077, ¶ 19; *Bilyeu v. Motorists Mutual Ins. Co.*, 36 Ohio St.2d 35 (1973), syllabus. An abuse of discretion connotes that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 40} Contrary to Forrest's assertion, Su's declaratory judgment claim did not "challenge any aspect of the [TPR]," but rather only sought a declaration of Su's rights and responsibilities regarding the TPR. Furthermore, as stated above, Paragraph 3 of the Addendum only grants Forrest the discretion to determine whether to pay the IRS. It does not grant him discretion to determine whether he can use the TPR to pay patent costs or

whether he can refuse to disburse to Su her share of the TPR that Forrest determined not to pay to the IRS. Consequently, the waiver provision in Paragraph 3 only precludes Su from challenging Forrest's discretion whether to pay the IRS. Su's declaratory judgment claim did not challenge such discretion.

{¶ 41} We further find that Su properly sought a declaratory judgment because there was a justiciable controversy between the parties regarding their rights and responsibilities under Paragraph 3 of the Addendum. Specifically, there was a genuine issue as to whether Forrest was required to make his determination at the end of a three-year statute of limitations, as believed by Su, or at the end of a longer statute of limitations, as indicated by the January 2013 emails Forrest's attorney sent to Su's attorney. In this regard, we note that while one email referred to a six-year statute of limitations, it further emphasized that the general statute of limitations for tax returns in Ohio was four years. Likewise, there was a genuine dispute as to whether Forrest was entitled to use the TPR to pay patent costs, as the emails indicated, or financial obligations other than the tax liabilities and penalties relating to the parties' 2005-2008 tax filings specifically identified in Paragraphs 3 and 4 of the Addendum.

{¶ 42} We therefore find that the trial court did not abuse its discretion in granting a declaratory judgment. Forrest's second assignment of error is overruled.

{¶ 43} Assignment of Error No. 1:

{¶ 44} THE TRIAL COURT ERRED WHEN IT RULED THAT SU DID NOT BREACH THE ADDENDUM.

{¶ 45} Forrest argues that the trial court erred in finding that Su did not breach the Addendum when she filed her complaint. In support of his argument, Forrest asserts that (1) Su's lawsuit improperly challenged Forrest's sole discretion to make determinations

- 14 -

about the TPR as there was no real controversy that Forrest had such discretion under the Addendum, (2) Forrest's sole discretion included using the TPR to pay patent costs under Section 7.5 of the FTSA because the TPR was a subfund of the FTSA Funds, (3) Su was precluded from seeking a declaration or bringing a lawsuit challenging Forrest's discretion under the waiver provision in Paragraph 3 of the Addendum, and (4) the waiver provision in Paragraph 5 of the Addendum further precluded Su from challenging Forrest's use of the TPR to pay patent costs.

{¶ 46} We have already addressed and rejected Forrest's arguments that the TPR is a subfund of the FTSA Funds, and that Forrest had sole discretion to make any determinations about the TPR, including to pay patent costs under Section 7.5 of the FTSA. For the reasons detailed in our resolution of the second assignment of error, we reject Forrest's foregoing arguments.

{¶ 47} For the reasons detailed in our resolution of the second assignment of error, we further find that (1) Su's lawsuit did not challenge Forrest's discretion to pay the IRS or permanently withhold the TPR but only challenged Forrest's determination to use the TPR to pay patent costs, (2)  the waiver provision in Paragraph 3 of the Addendum only precludes Su from challenging Forrest's discretion whether to pay the IRS, and Su's lawsuit did not challenge such discretion, and (3) the waiver provision in Paragraph 5 of the Addendum does not preclude Su from challenging Forrest's determination to use the TPR to pay patent costs.

{¶ 48} We therefore find that the trial court did not err in ruling that Su did not breach the Addendum when she filed her lawsuit.  Forrest's first assignment of error is overruled.

{¶ 49} Assignment of Error No. 4:

{¶ 50} THE TRIAL COURT ERRED IN AWARDING SU $54,356.50 PLUS

- 15 -

INTEREST AND COSTS.

{¶ 51} Forrest argues that the trial court erred in awarding Su $54,356.50. In support of his argument, Forrest asserts that the trial court could not and should not have awarded any of the TPR to Su because (1) such award contradicted Forrest's sole discretion to make determinations about the TPR and violated the waiver provisions in Paragraphs 3 and 5 of the Addendum, (2) the TPR, as a subfund of the FTSA Section 7.5 Funds, was properly used to pay patent costs as required by the FTSA, and (3) Su waived her right to challenge use of the TPR to pay patent costs under the waiver provisions in Paragraphs 3 and 5 of the Addendum. For the reasons detailed in our resolution of the second assignment of error, we reject Forrest's foregoing arguments.

{¶ 52} Forrest further argues that Su was not entitled to the monetary award because she had lost on her breach of contract and anticipatory breach of contract claims and a trial court lacks authority to award damages in a declaratory judgment action.

{¶ 53} Forrest's claim that monetary judgments are precluded in declaratory judgment actions does not find support under Ohio caselaw. "While there is no express statutory provision for the granting of a money judgment in a declaratory judgment action, such relief may be granted so long as it is prayed for and warranted by the proof." *Jeppe v. Blue Cross*, 67 Ohio App.2d 87, 92 (8th Dist.1980); *Shear v. West American Ins. Co.*, 11 Ohio St.3d 162, 166 (1984) (money judgments and concomitant interest may be granted in declaratory judgment actions as long as such relief is prayed for and warranted by the proof). In order to obtain a money judgment in a declaratory judgment action, "'the prayer for relief must contain either an express request for a money judgment or one which could be construed as such, and that a money judgment, definite in amount, must be rendered.'" *Koch v. Cincinnati Ins. Co.*, 12th Dist. Clermont No. CA92-06-064, 1992 Ohio App. LEXIS

- 16 -

6314, *9 (Dec. 14, 1992), quoting *Jeppe* at 92-93.

{¶ 54} Su's complaint prayed for a declaration of the parties' rights and obligations regarding the TPR. Su's prayer for relief further specifically requested $54,356.50 in damages and interest, which the trial court granted. We therefore reject Forrest's argument that Su was not entitled to a monetary award in her declaratory judgment action.

{¶ 55} Forrest further challenges the monetary award, arguing it was not based upon a justiciable or ripe claim when Su filed her complaint or when the trial court issued its summary judgment decision on December 15, 2015, because Forrest still had sole discretion to decide how the TPR would be used on either date. As stated above, the six-year audit statute of limitations expired on December 17, 2015.

{¶ 56} We reject Forrest's argument. The trial court's December 2015 summary judgment decision simply declared that upon expiration of the last available statute of limitations on December 17, 2015, as agreed by the parties, Forrest was required to make a determination regarding the TPR, that is, to pay the IRS or permanently withhold the TPR, and then notify Su of such determination within two days thereafter. That is exactly what Paragraph 3 of the Addendum provides.

{¶ 57} Additionally, the trial court's summary judgment decision did not award a monetary judgment to Su but simply declared that Su "is entitled to ½ of the tax penalty reserve" under the Addendum. It was the trial court's July 23, 2018 judgment entry that ordered that Su "recover from [Forrest] the sum of $54,356.50 with interest thereon from the date of judgment until paid, as provided by law, and her costs of this action." By the time this judgment entry was journalized, the parties had filed further motions and evidentiary material which confirmed that Forrest had elected to retain the entire TPR.

{¶ 58} Forrest further challenges the trial court's July 23, 2018 nunc pro tunc

judgment entry and its monetary award, arguing it contradicted and did not reflect what the trial court actually decided in its December 15, 2015 summary judgment decision. For ease of discussion and readability, this issue will be addressed in the fifth assignment of error.

{¶ 59} In light of the foregoing, Forrest's fourth assignment of error is overruled.

{¶ 60} Assignment of Error No. 3:

{¶ 61} THE TRIAL COURT ERRED WHEN IT RULED THAT FORREST WAS NOT THE PREVAILING PARTY.

{¶ 62} Forrest argues the trial court erred in ruling he was not the prevailing party. Forrest asserts that he not only prevailed on Su's breach of contract claims, but he also prevailed on Su's declaratory judgment claim, thereby entitling him to an award of attorney fees under Paragraph 8 of the Addendum.

{¶ 63} "Attorney fees may be awarded when a statute or an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees[.]" *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, ¶ 7. While an award of attorney fees is subject to an abuse-of-discretion standard, the determination of a plaintiff as the prevailing party is subject to a de novo standard." *L.G. Harris Family Ltd. Partnership I v. 905 S. Main St. Englewood, L.L.C.*, 2d Dist. Montgomery No. 26682, 2016-Ohio-7242, ¶ 37; *Simbo Properties, Inc. v. M8 Realty, L.L.C.*, 8th Dist. Cuyahoga No. 107161, 2019-Ohio-3091, ¶ 36; *Hustler Cincinnati, Inc. v. Elm 411, L.L.C.*, 1st Dist. Hamilton No. C-130754, 2014-Ohio-5648, ¶ 14.

{¶ 64} A prevailing party is the party "who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment is entered." *Wigglesworth v. St. Joseph Riverside Hosp.*, 143 Ohio

App.3d 143, 150 (11th Dist.2001). "Denying costs to both parties can be appropriate when neither party entirely prevails." *State ex rel. Reyna v. Natalucci-Persichetti*, 83 Ohio St.3d 194, 198 (1998).

{¶ 65} We find no error in the trial court's ruling that Forrest was not the prevailing party. Although Forrest was successful in defending against Su's breach of contract and anticipatory breach of contract claims, Su prevailed in defending against Forrest's breach of contract counterclaim. Additionally, Su obtained substantial success in the litigation by obtaining a declaration that Forrest shall make a determination regarding the TPR within two days after December 17, 2015, the date the six-year audit statute of limitations expired, and that Su was entitled to one-half of the TPR. Contrary to Forrest's suggestion, he only successfully prevailed on his claim that he had sole discretion to determine when and what portion of the TPR should be paid to the federal government or permanently withheld once the six-year statute of limitations ran. Forrest did not prevail on his claim that he had sole discretion to make any and all determinations regarding the TPR, including using the TPR to pay patent costs.

{¶ 66} Forrest's third assignment of error is overruled.

{¶ 67} Assignment of Error No. 5:

{¶ 68} THE NUNC PRO TUNC ENTRIES WERE ERRONEOUS AND INCONSISTENT WITH THE PRIOR DECISIONS.

{¶ 69} Forrest generally argues that the trial court's July 23, 2018 nunc pro tunc entries are erroneous because they do not reflect what the trial court decided or could have decided in its earlier decisions. Specifically, Forrest argues that the nunc pro tunc entry denying his motion to be declared the prevailing party is inconsistent with the trial court's July 2017 "advisory" decision denying the motion. Forrest further argues that the nunc pro

tunc entry awarding Su $54,356.50 contradicts the trial court's December 15, 2015 summary judgment decision and does not reflect what the trial court actually decided in its decision. Forrest asserts that in awarding damages to Su when she was not owed any money prior to the December 17, 2015 expiration of the statute of limitations, the nunc pro tunc entry improperly decided a substantive issue contrary to the summary judgment decision.

{¶ 70} While courts possess inherent authority to correct errors in judgment entries so that the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide. *State ex. rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164 (1995). Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and do not involve a legal decision or judgment. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 15.

{¶ 71} "Just because [a] trial court refers to an entry as nunc pro tunc does not make it so established." *State v. Yeaples*, 180 Ohio App.3d 720, 2009-Ohio-184, ¶ 15 (3d Dist.). The record shows that the trial court's summary judgment decision and its decision denying Forrest's motion to be declared the prevailing party were not final appealable orders, but rather were interlocutory orders. Neither decision included a Civ.R. 54(B) certification and both decisions specifically ordered the parties to prepare a final judgment entry reflecting the decisions. Despite the trial court's order, neither entry was promptly prepared and submitted by the parties. Subsequently, more than a year after its decisions, the trial court issued the nunc pro tunc entries.

{¶ 72} Although the trial court labeled the July 23, 2018 entries as nunc pro tunc, we find that they were incorrectly labeled. These entries were the first entries that fully

- 20 -

memorialized the trial court's prior decisions and included the trial court's consideration of additional evidentiary material. Thus, the July 23, 2018 entries were the original judgment entries from which an appeal could be made, and were not corrected entries. "The mislabeling of [an] order does not void its otherwise finality[.]" *State v. Shamaly*, 8th Dist. Cuyahoga No. 88409, 2007-Ohio-3409, ¶ 8; *In re N.L.*, 3d Dist. Hancock Nos. 5-12-38 and 5-12-39, 2013-Ohio-3983, ¶ 33.

{¶ 73} We further find that the nunc pro tunc entries were neither inconsistent with nor contradictory to the trial court's prior decisions.

{¶ 74} "An interlocutory order of summary judgment may be reconsidered and revised at any time before final judgment is entered." *Todd Dev. Co., Inc. v. Morgan*, 12th Dist. Warren No. CA2005-11-124, 2006-Ohio-4825, ¶ 51. At the time the trial court issued its interlocutory summary judgment decision on December 15, 2017, the six-year statute of limitations had not run yet; it would run two days later. The trial court's decision simply declared that once Forrest made his determination regarding the TPR, Su was "entitled to ½ of the tax penalty reserve." By the time the trial court issued its July 23, 2018 entry journalizing its prior summary judgment decision, the statute of limitations had expired and Forrest had made his determination pursuant to Paragraph 3 of the Addendum. Therefore, the final judgment entry does not contradict the summary judgment decision.

{¶ 75} Likewise, the trial court's July 23, 2018 final judgment entry journalizing its prior decision denying Forrest's motion to be declared the prevailing party is not inconsistent with the decision. As stated earlier, the trial court characterized its decision as an "advisory opinion" and based its denial of the motion in part upon the fact that Forrest sought to be declared the prevailing party for purposes of an award of attorney fees pursuant to the Addendum, yet the Addendum was not part of the file. The decision further stated, "if the

parties intend to pursue this matter further, the [Addendum] shall be filed with the Court and made part of the record. The [Addendum] shall be filed within ten days of this Decision or the case will be dismissed[.]"[3]

{¶ 76} Despite the trial court's order, the parties did not file the Addendum within ten days of the decision. Rather, a redacted Addendum and Section 7.5 of the FTSA were filed on August 25, 2017. In the interim and thereafter, the parties continued to file motions and other pleadings. Such included Forrest's motion to vacate the trial court's July 3, 2017 decision and supplemental memorandum in support of his motion to be declared the prevailing party. Contrary to Forrest's assertion and for the reasons detailed in our resolution of the second assignment of error, we find that the Addendum and Section 7.5 of the FTSA do not prove that Forrest was the prevailing party. Thus, the trial court's July 23, 2018 entry denying Forrest's motion to be declared the prevailing party does not contradict the trial court's prior decision on that issue.

{¶ 77} Forrest's fifth assignment of error is overruled.

{¶ 78} Assignment of Error No. 6:

{¶ 79} THE TRIAL COURT ERRED WHEN IT DENIED FORREST'S MOTION TO FILE AMENDED COUNTERCLAIMS.

{¶ 80} Forrest argues the trial court erred in denying his motion to amend his counterclaim to set forth two claims against Su, one for conversion of his personal property, and one for Su's share of the patent costs. Challenging the trial court's finding he had

---

3. On appeal, Forrest asserts that the trial court's July 2017 decision was provisional pending the filing of the unredacted Addendum and the FTSA. Contrary to Forrest's assertion, the trial court's decision only refers to a "divorce agreement." A reading of the decision makes it clear that the "divorce agreement" referred to by the trial court is the Addendum. We further note that Forrest's motion to be declared the prevailing party, Su's memorandum in opposition, and Forrest's subsequent filings all refer to the Addendum as the January 2010 Agreement.

"opportunity to amend his counterclaim years ago," Forrest asserts that the personal property claim arose after Su's September 2015 indictment for theft and perjury, and that the patent costs claim arose after Su refused to pay the patent costs invoiced in December 2015 and January 2016.

{¶ 81} Civ.R. 13(E) and (F) provide that a party may only amend its pleading to include a counterclaim where that counterclaim matured or was acquired after the pleading, or where the party omitted the counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires. Additionally, as applicable here, Civ.R. 15(A) provides that "a party may amend his pleading only with the court's leave. The court shall freely give leave when justice so requires."

{¶ 82} The grant or denial of leave to amend a pleading is within the trial court's discretion and will not be reversed on appeal absent an abuse of that discretion. *Textiles, Inc. v. Design Wise, Inc.*, 12th Dist. Madison Nos. CA2009-08-015 and CA2009-08-018, 2010-Ohio-1524, ¶ 83. "Where a motion for leave to amend is not timely tendered and no reason apparent to justify the delay, a trial court does not abuse its discretion in refusing to allow the amendment." *State ex rel. Smith v. Ohio Adult Parole Auth.*, 61 Ohio St.3d 602, 603-604 (1991).

{¶ 83} This case began in February 2013 when Su filed her complaint against Forrest. Forrest moved to amend his counterclaim in April 2016 after discovery was completed and after the trial court ruled on the parties' cross-motions for summary judgment. The record shows that Forrest filed a lawsuit against Su in Hamilton County, Ohio in April 2013 for conversion of his personal property. He further asserted in his August 2015 motion for summary judgment that Su had "engaged in a massive 6 year fraud against [him] involving her stealing tens of thousands of dollars of his personal property [and] ha[d]

perjured herself on this matter multiple times[.]" Thus, Forrest had the opportunity to amend his counterclaim for conversion of personal property earlier than April 2016 as the amendment he sought involved facts he had previously raised in the course of the litigation.

{¶ 84} Regarding Su's share of the patent costs, the record likewise shows that Forrest had the opportunity to amend his counterclaim earlier than April 2016. The January 2013 emails that Forrest's attorney sent to Su's attorney before she filed her complaint asserted Su owed at least $46,000 for her share of the patent costs. Forrest's July 2014 answer to Su's complaint then asserted, "There is a current deficit that [Su] owes to the 7.5 FTSA fund," arguably referring to Su's share of patent costs. Thus, the amendment Forrest sought involved facts he had previously raised even though he had not yet invoiced Su for her share of the patent costs.

{¶ 85} The trial court, therefore, did not abuse its discretion in denying Forrest's motion to amend his counterclaim to assert those two claims. Furthermore, Forrest has filed a lawsuit in the trial court on March 13, 2018, asserting the very claims he sought to raise in his motion to amend his counterclaim. Given the foregoing, Forrest's sixth assignment of error is overruled.

{¶ 86} Assignment of Error No. 7:

{¶ 87} THE TRIAL COURT ERRED IN ITS DETERMINATION THAT IT DID NOT HAVE SUBJECT MATTER JURISDICTION TO DECIDE FORREST'S ALIMONY TAX COUNTERCLAIM.

{¶ 88} Forrest argues that the trial court erred when it declined to consider Forrest's counterclaim for breach of contract regarding the alimony payment. Forrest's alimony counterclaim was based upon Su's failure to report a $150,000 alimony payment in her 2010 income tax return in violation of Paragraph 1 of the Addendum. The trial court declined

- 24 -

to consider the counterclaim, finding that the Hamilton County Court of Common Pleas had issued a decision "on this identical issue and this Court will not issue a separate ruling on a claim that has been resolved (or is on appeal) in another court."[4]  Forrest asserts that the trial court had jurisdictional priority over the alimony tax counterclaim because the case at bar was filed first.

{¶ 89} "The jurisdictional-priority rule provides that as between state courts of concurrent jurisdiction, the tribunal whose power is first invoked acquires exclusive jurisdiction to adjudicate the whole issue and settle the rights of the parties."  *State ex rel. Vanni v. McMonagle*, 137 Ohio St.3d 568, 2013-Ohio-5187, ¶ 4; *Triton Servs., Inc. v. Reed*, 12th Dist. Warren Nos. CA2016-04-028 and CA2016-08-068, 2016-Ohio-7838, ¶ 8. Generally, the rule only applies when the claims and parties are the same in both cases. *Reed* at ¶ 8.  However, the rule can apply even when the causes of action, relief requested, and the parties are not exactly the same so long as the actions are part of the same "whole issue."  *Id.*; *State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, ¶ 29.

{¶ 90} Su filed her complaint in the Warren County Domestic Relations Court in February 2013.  In April 2013, Forrest filed a lawsuit against Su and her attorney in Hamilton County, Ohio, seeking damages and alleging conversion of his personal property and breach of the Addendum regarding an IRS refund check.  Forrest further alleged that he had been audited by the IRS because Su failed to report alimony on her income tax return in violation of Paragraph 1 of the Addendum.  Forrest's lawsuit was dismissed on summary judgment grounds on December 17, 2014.  The grant of summary judgment in favor of Su was subsequently upheld by the First Appellate District in October 2016.

---

4. The December 17, 2014 decision of the Hamilton County Court of Common Pleas was attached to Su's motion for summary judgment.

**{¶ 91}** In the interim, the case at bar was transferred to the trial court. While the record does not indicate when this happened, it plainly shows that the case was in the trial court by July 2014 at the latest, months before the Hamilton County Court of Common Pleas' decision. Additionally, the record shows that at the request of the trial court, both parties filed a memorandum in August 2013 discussing whether the trial court or the Warren County Domestic Relations Court had jurisdiction over the case at bar. Both parties agreed that the trial court had subject-matter jurisdiction. Nevertheless, Forrest never moved to dismiss his Hamilton County lawsuit prior to the Hamilton County Court of Common Pleas' December 2014 decision.

**{¶ 92}** It was not until after the First Appellate District upheld the Hamilton County Court of Common Pleas' December 2014 decision in 2016, and after Su and her attorney moved for an award of attorney fees in that action, that Forrest moved to dismiss the entire action for lack of subject-matter jurisdiction prior to the hearing on the motion for attorney fees. According to the First Appellate District,

> [Forrest's] motion contended that the court "must dismiss this matter in its entirety, and vacate all judgment entries and orders entered because this Court does not possess subject-matter jurisdiction." He specifically asserted that jurisdictional priority of his claims had vested in the Warren County Court of Common Pleas when Su filed her complaint asserting her own claims under the addendum agreement. He argued that his addendum-agreement claims were compulsory counterclaims to Su's, and that because Su's case was filed first, the entire Hamilton County action must be dismissed. The trial court denied Forrest's motion.

*Gauthier v. Gauthier*, 1st Dist. Hamilton Nos. C-170387 and C-170398, 2018-Ohio-4970, ¶ 30. The First Appellate District upheld the Hamilton County Court of Common Pleas' denial of the motion as follows:

> Here, Forrest's action in Hamilton County contained an

additional party that was not part of the action in Warren County, namely [Su's attorney]. And following our review of the record, we cannot find that the two causes of action are part of the same "whole issue." We therefore conclude that the trial court did not err in failing to transfer the case to Warren County or in failing to dismiss the case pursuant to the jurisdictional-priority rule.

*Id.* at ¶ 32.

**{¶ 93}** In light of the foregoing, we find no error in the trial court's refusal to consider Forrest's alimony counterclaim. Forrest's seventh assignment of error is overruled.

**{¶ 94}** Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.